IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| JOSEPH R. TOMELLERI, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:14-CV-02113-JAR |
| MEDL MOBILE, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant MEDL Mobile, Inc.'s ("MEDL") Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 9). In response, Plaintiff Joseph R. Tomelleri requests jurisdictional discovery on the issue of whether MEDL is subject to personal jurisdiction in this District. For the reasons discussed below, the Court grants Plaintiff's motion for jurisdictional discovery. The Court further denies the pending motion to dismiss, subject to renewal after the parties have completed their discovery.

The Court finds that limited jurisdictional discovery is warranted in this case. Courts in the Tenth Circuit may not refuse to grant jurisdictional discovery "if either the pertinent jurisdictional facts are controverted or a more satisfactory showing of the facts is necessary."[1] Based on the briefing, it appears that material jurisdictional facts are controverted. In particular, Plaintiff has identified issues of fact as to whether Defendant focused specifically on the state of

---

[1] *See, e.g.*, *Health Grades, Inc. v. Decatur Mem'l Hosp.*, 190 F. App'x 586, 589 (10th Cir. 2006) (citing *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir.2002)).

Kansas while creating its FishID app and the extent to which the app was designed specifically for users in Kansas. Plaintiff claims that the FishID app allows users to locate certain fish species within particular bodies of water in the state of Kansas. That capability, according to Plaintiff, requires maintenance of a Kansas-specific database that matches fish species with Kansas rivers and lakes. Plaintiff also alleges that the app provides information on Kansas fishing regulations. These assertions controvert Defendant's position that "[t]he app was not specifically designed for people in any specific location"[2] and "[n]ever once focused on the State of Kansas."[3] The Court finds that Plaintiff has pointed to pertinent, controverted facts bearing on the question of personal jurisdiction.[4] Accordingly, Plaintiff's request for jurisdictional discovery is granted, and the parties shall have until October 27, 2014, to complete discovery relevant to the jurisdictional issue as discussed in this order. Defendant shall have until November 17, 2014, to refile a motion to dismiss under Fed. R. Civ. P. 12(b)(2).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's request for jurisdictional discovery is granted. Limited jurisdictional discovery shall be completed by October 27, 2014.

**IT IS FURTHER ORDERED** that Defendant's pending Motion to Dismiss for Lack of

---

[2] Doc. 9-1 ¶ 11.

[3] Doc. 9 at 11. Defendant indicates that the FishID app was designed for use in all fifty states and that "[n]one of the FishID app features were directed solely to Kansas residents." Doc. 17 at 3. Defendant therefore believes the app was not purposefully directed at Kansas residents. *Id.* The Court notes, however, that a defendant may purposefully direct particular activities toward residents of more than one state. *See, e.g.*, *Mrs. U.S. Nat'l Pageant, Inc. v. Miss U.S. of Am. Org., LLC*, 875 F. Supp. 2d 211, 222 (W.D.N.Y. 2012); *Corometrics, Inc. v. Atomic Park.com, LLC*, 370 F. Supp. 2d 1013, 1022 (N.D. Cal 2005). Discovery is necessary to show the activities, if any, Defendant directed at Kansas residents, even if the same or similar activities were directed at residents of other states as well.

[4] *See Health Grades, Inc.*, 190 F. App'x at 589.

Personal Jurisdiction is denied, subject to renewal after the parties have completed their discovery. Defendant shall have until November 17, 2014, to refile a motion to dismiss under Fed. R. Civ. P. 12(b)(2).

**IT IS SO ORDERED.**

Dated: September 16, 2014

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE