#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JOSEPH R. TOMELLERI,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 14-2113-JAR |
| ) | |
| **MEDL MOBILE, INC., et al.,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### MEMORANDUM AND ORDER

Plaintiff Joseph Tomelleri brings this action under 17 U.S.C. § 101 *et seq.*, alleging claims for direct, vicarious, and contributory copyright infringement against Defendants MEDL Mobile, Inc ("MEDL") and Jason Siniscalchi. On May 7, 2014, MEDL filed a Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 9). Plaintiff then moved for jurisdictional discovery with respect to MEDL, and the Court granted that motion. Following the completion of jurisdictional discovery, MEDL filed a Renewed Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 36). Defendant Jason Siniscalchi then filed a Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 37). On April 29, 2015, the Court granted MEDL's motion, declining to transfer this case to California and dismissing MEDL from the case.[1] At the time of that order, Siniscalchi's motion had not been fully briefed, so the Court had not considered whether it had jurisdiction over him. This procedural posture created a "patent impediment" to transfer.[2]

---

[1] *See* Doc. 49.

[2] *Id.* at 26–27 (citing *Shrader v. Biddinger*, 633 F.3d 1235, 1249 (10th Cir. 2011)).

Plaintiff filed a timely motion for reconsideration, in which he requests the Court reconsider its finding regarding jurisdiction or, in the alternative, its determination concerning transferring the case to California.  Plaintiff, in his reply brief, confirms he does not oppose Siniscalchi's motion to dismiss, thereby explaining why he did not respond to that motion.[3]

The case now comes before the Court on (1) Defendant Jason Siniscalchi's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 37), and (2) Plaintiff's Motion for Reconsideration of the Court's Memorandum and Order Dated April 29, 2015 (Doc. 49). Because Siniscalchi's motion is unopposed and Plaintiff's motion is fully briefed, the Court is prepared to rule on both.  For the reasons stated in detail below, the Court finds that it lacks personal jurisdiction over Siniscalchi and that Plaintiff has not shown adequate reason for the Court to reconsider MEDL's motion to dismiss.

The Court incorporates the facts of this case as set forth its April 29, 2015 order.[4]

**I.     Standards**

Under D. Kan. Rule 7.3(b), a party may seek reconsideration of a non-dispositive order within fourteen days of the order, based on (1) an intervening change in controlling law, (2) the availability of new evidence or (3) the need to correct clear error or prevent manifest injustice.[5] A motion to reconsider is only appropriate where the Court has obviously misapprehended a party's position, the facts or applicable law, or where the party produces new evidence that it

---

[3]Doc. 53 at 2.  Plaintiff filed an extension of time to respond to Siniscalchi's motion until twenty-one days following the date the Court issued its Order on MEDL's motion to dismiss, which the Court granted.  *See* Docs. 41 and 47.

[4]Doc. 49 at 2–5.

[5]D. Kan. R. 7.3(b).

could not have obtained earlier through the exercise of due diligence.[6]  A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed.[7]  A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider.[8] Whether to grant a motion to reconsider is left to the Court's discretion.[9]

**II.     Discussion**

    **A.     Defendant Siniscalchi's Motion to Dismiss**

Because Plaintiff does not oppose Siniscalchi's motion to dismiss for lack of personal jurisdiction, the Court determines it lacks personal jurisdiction over Siniscalchi.  Even if Plaintiff had opposed that motion, the Court finds Siniscalchi lacked minimum contacts with Kansas.

Siniscalchi, a resident of Connecticut, admits that he collaborated with California-based MEDL in creating a software application ("app"), called "FishID" in 2009.  He supplied MEDL with pictures used in the app, some of which were direct copies of Plaintiff's copyrighted fish illustrations.  Defendants allegedly incorporated those illustrations into the app without Plaintiff's permission, thereby violating Plaintiff's copyrights.  Siniscalchi also admits that he received notice of Plaintiff's copyright claim.  At the very least, Siniscalchi allegedly supplied California-based MEDL with copies of Plaintiff's copyrighted illustrations, which were ultimately incorporated in Defendant's jointly-developed FishID.  Siniscalchi's contacts were

---

[6]*Turner v. Nat'l Council of State Bds. of Nursing, Inc.*, No. 11-2059-KHV, 2013 WL 139750, at *1-2 (D. Kan. Jan. 10, 2013) (citing *Comeau v. Rupp*, 810 F. Supp. 1172, 1174–75 (D. Kan. 1992)).

[7]*Id*. (citing *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994)).

[8]*Id*. (citing *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005)).

[9]*Hancock v. Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988); *Shannon v. Pac. Rail Servs.*, 70 F. Supp. 2d 1243, 1251 (D. Kan. 1999) (citing *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997)).

not directed at Kansas at any point in time. The best that can be said is Siniscalchi purposefully directed his actions (allegedly sending copyrighted illustrations without permission) at *California* (where MEDL resides) and this copyright action arises from those actions. Defendant Siniscalchi's motion to dismiss is granted.

### B. Plaintiff's Motion to Reconsider

Plaintiff requests the Court reconsider its April 29 Order because the Court based its decision, at least in part, on an issue that was not properly before the Court. While that is an appropriate ground for reconsideration,[10] the Court did not err, as explained below. Plaintiff also argues the Court should reconsider its decision with respect to transfer, citing the need to prevent manifest injustice as the ground for reconsideration. That is also an appropriate ground for reconsideration,[11] but, as explained below, Plaintiff has not shown the Court "obviously misapprehended a party's position, the facts or applicable law, or [that] the party produce[d] new evidence that it could not have obtained earlier through the exercise of due diligence."[12]

### 1. Nexus Prong Was Properly Before Court & Court Did Not Err

Plaintiff argues the Court erred in declining to exercise specific jurisdiction over MEDL because the Court based its determination on an issue the parties did not present. Plaintiff does not contest the Court's finding that MEDL purposefully directed activities at Kansas; instead,

---

[10]*Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) ("Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination.").

[11]*See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.") (citation omitted).

[12]*Turner*, 2013 WL 139750, at *1-2.

4

Plaintiff takes issue with the Court's finding on the "nexus" prong, as set forth in *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*[13] According to Plaintiff, because MEDL never discussed "but for" or "proximate" causation, "there was no reason for Plaintiff to address the issue in his Response, because it appeared to be a nonissue or even a conceded one."[14] Plaintiff relies on *Greenlaw v. United States*, in which the Supreme Court wrote the following:

> In our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is we rely on the parties to frame the issues for decision and assign to the courts the role of neutral arbiter of matters the parties present. . . . [A]s a general rule 'our adversary system is designed around the premise that *the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief*.'"[15]

*Greenlaw* is inapplicable to this case because Plaintiff carries the burden of establishing personal jurisdiction.[16] Accordingly, Plaintiff was responsible for advancing the facts and arguments entitling him to relief, which in this case, requires a showing that his injuries "arise out of" MEDL's forum-related contacts.[17] Plaintiff did not make that showing, as the Court indicated in its previous order.[18] Therefore, this Court did not err because the nexus prong is one of the

---

[13] 514 F.3d 1063, 1078 (10th Cir. 2008).

[14] Doc. 51 at 3.

[15] 554 U.S. 237, 243–44 (2008) (citation omitted) (emphasis added).

[16] *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011).

[17] *See Dudnikov*, 514 F.3d at 1078–80.

[18] Doc. 49 at 23 ("Plaintiff bears the burden of showing that these alleged injuries arise out of MEDL's contacts with the state of Kansas. Despite this burden, however, Plaintiff's briefing fails to address the nexus issue at all. The Court is left to speculate how MEDL's only jurisdictionally relevant contact with Kansas—its incorporation of state-specific features into the FishID app's design—might have given rise to Plaintiff's cause of action for copyright infringement.") (internal footnotes and citations omitted).

required showings that Plaintiff must make in order to establish personal jurisdiction.[19] The Court will not reconsider its previous order on this basis.

### 2. Manifest Injustice

Plaintiff requests the Court hold the dismissal of MEDL as a party in abeyance until Plaintiff can complete additional discovery to determine if California would have jurisdiction over Siniscalchi. Plaintiff identifies no misapplication of law or fact, nor provides any new facts that could not have been obtained earlier through the exercise of due diligence. Plaintiff also does not contend the Court misapprehended his position. Plaintiff has not shown that, with respect to MEDL, the Court erred in not transferring this case to California. This alone dooms Plaintiff's motion for reconsideration.

Moreover, the Court is unaware of, and Plaintiff has not cited, any case law that would allow reconsideration of a motion based on the jurisdictional contacts of another, non-moving party in the case. Put another way, the Court may reconsider MEDL's motion only if manifest injustice *with respect to MEDL* would result because it was the only moving party on the motion. And the issue—whether a California court has personal jurisdiction over Siniscalchi—should have been raised in Plaintiff's response to *Siniscalchi's* motion. But Plaintiff filed nothing, making that motion unopposed. Even if the Court broadened manifest injustice to encompass the motion in light of the current procedural posture, Plaintiff had a hand in creating the "patent impediment"[20] to transfer in the first place by requesting the Court decide MEDL's motion

---

[19]*See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).

[20]Doc. 49 at 26 (citing *Shrader*, 633 F.3d at 1250).

*before* he had to respond to Siniscalchi's motion to dismiss.[21]  Furthermore, Plaintiff had ample time—almost four months—to conduct his own jurisdictional discovery with respect to Siniscalchi and respond accordingly.[22]

Finally, the Court essentially granted the abeyance that Plaintiff requests, when it ordered additional briefing as to "whether this case could be transferred to the Central District of California—particularly whether that district has personal jurisdiction over each Defendant and whether this case meets the criteria necessary for transfer."[23]  Plaintiff responded, but he failed to address the reasonableness prong of the due process personal jurisdiction analysis.[24]  Thus, even if the Court treated either (a) Plaintiff's motion to reconsider (with respect to the transfer portion) or (b) Plaintiff's response to the Court's Order for additional briefing, as a motion to transfer, Plaintiff has not met his burden.[25]  And the Court gave Defendants essentially the same

---

[21] *See supra* note 3.

[22] Four months (from December 3, 2014 to May 20, 2015) is calculated using the following events: Siniscalchi filed his motion on December 3, 2014.  Plaintiff filed his motion for extension of time on December 29, and the Court granted that extension on January 20.  The Court then ruled on MEDL's motion on April 29, meaning Plaintiff had until May 20 to respond to Siniscalchi's motion.

[23] Doc. 55.

[24] *See Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 106 (10th Cir. 2012) ("Moreover, the plaintiffs make no argument whatsoever that it would be consistent with traditional notions of fair play and substantial justice for the California court to exercise personal jurisdiction over defendants. Accordingly, the plaintiffs have not met their burden to show that the United States District Court for the Eastern District of California would have personal jurisdiction over the defendants . . . .").

[25] In its April 29 Order, the Court noted: "Plaintiff does not contend, and the record does not indicate, that Plaintiff's claims against MEDL would be time-barred if the action is dismissed without prejudice."  Doc. 49 at 26.  Plaintiff argues this case may be time-barred if dismissed without prejudice and provides such evidence.  MEDL countered with evidence that the entire suit may be time-barred in all courts.  While the Court makes no findings on this dispute, the Court is hesitant to transfer a case that may have been time-barred from its inception to a California court.

timeframe (a week) as it did in the cases Plaintiff cites.[26]

### III. Conclusion

Plaintiff failed to show the Court erred in declining to exercise personal jurisdiction over MEDL and failed to provide a basis for reconsidering the Court's Order with respect to transferring the case. Even so, the Court essentially granted the remedy Plaintiff requests by ordering additional briefing. Plaintiff's response then failed to prove that a California court has personal jurisdiction over Siniscalchi because he failed to show such jurisdiction would be consistent with traditional notions of fair play and substantial justice. For all of these reasons, Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Jason Siniscalchi's Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 37) is **granted**; and Plaintiff's Motion for Reconsideration of the Court's Memorandum and Order Dated April 29, 2015 (Doc. 49) is **denied**. The case is hereby dismissed without prejudice.

Dated: August 31, 2015

                                                      S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[26]*See Proud Veterans, LLC v. Ben-Menashe*, No. 12-CV-1126-JAR, 2014 WL 791200 (D. Kan. Feb. 27, 2014); *Jenkins-Dyer v. Drayton*, No. 2:13-CV-02489-JAR, 2014 WL 5307851 (D. Kan. Oct. 16, 2014).